■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE KING, Appellant.—Judgment, Supreme Court, Bronx County, rendered March 3,

1978, convicting defendant of assault in the first degree and sentencing him thereupon to an indeterminate term not to exceed 12 years, reversed, on the law, and the matter remanded for a new trial. At the trial of this assault case the sole defense was mistaken identification. Defendant attempted to show that one Marvin Mitchell, not he, was the assailant. In the course of his summation the prosecutor commented as follows: "Defense counsel wants you to put Marvin Mitchell on trial. She wants you to put anybody on trial. Absolutely anybody. She could see somebody out in court and she would say, yeah, it's him. It's somebody else. Anybody but the defendant, Willie King. But we are dealing with Willie King. Did Willie King shoot Kevin Woodward and that's what you have to determine and did the testimony beyond a reasonable doubt to prove to you that Willie King shot the defendant (sic)? Without your speculating as to a thousand other things. And I told you at the beginning that we can't—we don't have the answer to every single question in this case. But I tell you who can, who does have that answer. The perpetrator of that crime, the defendant, Willie King. But the People cannot be inside his mind. * * * So it is on your shoulders to decide whether the defendant, Willie King, is guilty of the assault of Kevin Woodward or is not guilty. All of the evidence, virtually every single bit of evidence introduced in this case points to one conclusion and that is the guilt of the defendant Willie King. There has been no evidence introduced here at this trial which is contrary to that belief... Convict Willie King at the expense of letting the real assailant, the real shooter go free with such conviction of each and every witness. What kind of society would we live in for that to happen? * * * Not one defense was effectively raised on behalf of the defendant Willie King. Not one iota, not one scintilla of a defense was raised. Defense counsel has attempted to raise smoke screens in front of you to put other people on trial, not the defendant. He is the only one in this case which everyone, everyone is conspiring to get convicted, but he is a completely innocent man, she would have you believe. Well that's her job to do. I mean it's her job to raise her smoke screens in front of you. * * * All of the testimony of all of the witnesses points to one basic thing. They are all absolutely certain that the defendant Willie King shot Kevin Woodward. There are no doubts. Smoke screens of everything else there has been brought out in this case is just that. The smoke screens of a defense that has no place to go but to your imaginations. There is no testimony. None that proves or shows or indicates whatsoever that the defendant Willie King was not the person that shot Kevin Woodward." In our view these comments violated defendant's privilege against self incrimination. The continual stress on defendant's silence in the face of the evidence deprived him of a fair trial. Contrary to the People's assertions, defendant did object to these comments and the issue is preserved for appellate review. We are also of the view that defendant should have been permitted to elicit, for impeachment purposes, either on cross-examination of Woodward or by independent proof after an appropriate foundation had been laid, that within minutes after Woodward had been shot a boy approached him and asked "Are you the one that Marvin shot?", to which Woodward answered "Yes." Concur—Birns, J. P., Sandler, Sullivan and Markewich, JJ.

Yesawich, J., dissents in a memorandum as follows: As a result of defendant's unprovoked assault, with a gun, his 19-year-old victim lost a kidney. Evidence of his guilt was overwhelming. Four eyewitnesses, who had no credible motive to lie, positively identified defendant. Their uncontradicted testimony was augmented by the defendant's admission. And his defense, that he was being mistaken for another who was in fact the

shooter, was not even borne out by the evidence introduced in his own behalf. Clearly this is not an instance where the "close case" rationale applies. (See, e.g., *People v Abdul-Malik,* 61 AD2d 657, 663.) Whatever untoward effect the prosecutor's oblique reference to defendant's failure to take the stand may have had, it was effectively neutralized by the charge wherein the court instructed: "Now in this case, the defendant chose not to take the stand or to testify in his defense. And this fact may not be used against him. The law has given him the right in effect to say to the prosecution, prove your case against me. It's my judgment that the situation is such that I am not bound to take the witness stand and the law gives me the right and the law gives me that privilege. I told you about that. This is derived from the Fifth Amendment to the U. S. Constitution. And it also exists in the New York State Constitution. And I charge you that the law says there is no presumption to be taken against the defendant by reason of the fact that he does not take the witness stand. This is a rule. This and every other criminal case and every defendant has the privilege or right to rely upon it. It is a rule that no defendant is compelled to take the witness stand or offer any testimony whatsoever. By pleading not guilty, the defendant has in effect denied the charges of which he is being tried and puts into issue every material accusation against him that's stated in the indictment. It is the prosecution which must prove him guilty and he cannot be required to testify or disprove or prove anything. The defendant has the right to stand mute. The fact that he does not take the stand in his own defense may not be considered by you as any indication of guilt or an admission of guilt or as evidence or inference of guilt. The presumption of innocence and the prosecution's proving guilt beyond a reasonable doubt has been explained to you. Here the defendant did not come forward as a witness. This is his right and I charge you that you must not allow this fact in any way to prejudice him or to consider it as an indication or an admission of evidence or inference of guilt." Concededly, the trial court erred when it thwarted defendant's cross-examination of the victim with respect to his conversation with the unidentified boy who, though not an eyewitness to the shooting, asked "Are you the one that Marvin shot?" But given the overpowering proof of defendant's guilt furnished by the four eyewitnesses that was harmless error. *(People v Crimmins,* 36 NY2d 230, 237.) I would affirm.