■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ROJAS, Appellant.—Judgment, Supreme Court, New York County (Daniel P. Fitzgerald, J.), rendered July 2, 1984,

after a jury trial, convicting defendant of criminal sale of a controlled substance in the third degree and sentencing him as a predicate felon to an indeterminate term of 5 to 10 years' imprisonment, unanimously reversed, on the law, and the action is remanded for a new trial.

Defendant was arrested on the afternoon of March 10, 1983 for the sale of a $10 bag of heroin to an undercover police officer on the lower east side of Manhattan. Although defendant had $48 on his person at the time of his arrest, neither the "buy" money nor any additional heroin was recovered from defendant. However, a nearly empty glassine bag containing a residue of cocaine was found on defendant's person. The glassine envelope containing cocaine was marked with the word "Capital" in blue letters. The glassine envelope of heroin, allegedly sold to the undercover officer, contained the same marking.

At trial, the undercover officer who made the "buy" testified as to his limited experience in undercover narcotics work. He testified that he purchased defendant's last bag of heroin with a marked $10 bill. However, the records of the arresting officer indicated that the "buy" money was actually two $5 bills.

The undercover officer further testified that he was unable to provide an adequate description of defendant to his backup officers, after making the purchase. He recalled only that defendant was wearing a three-quarter length blue coat. He waited on a corner until defendant, who had "disappeared" into a candy store, came out onto the street. The undercover officer then approached defendant under the pretext of determining when defendant would have more drugs to sell. The undercover officer then gave the backup officers a description of defendant, as follows: "Male, Hispanic, white, 21 years, 5'8" to 5'10", 150 to 165 pounds. Blue three-quarter length jacket, long medium length brown hair."

The officer's testimony was unclear as to whether the description was based on his observations at the time of the "buy" or on the second observation. The officer admitted he had not observed either a mustache or goatee which defendant wore in a photograph taken of him at Central Booking two days later. Although no attempt was made to confirm the identification of the suspect at the scene, the undercover officer confirmed the identification of defendant at the precinct.

A hearing was held outside the presence of the jury to

determine the admissibility of the glassine envelope containing the residue of cocaine. The arresting officer testified that the legend, "Capital", which was marked on the bag of heroin and also on the bag of cocaine, represented a trademark for a brand of drugs sold in the neighborhood.

The court held that this evidence was admissible because it tended to identify defendant as the person who sold heroin to the undercover officer. The court concluded that the evidence established identity because it showed defendant was in the line of distributing "Capital" products. The court's charge to the jury advised that the evidence concerning the bag of cocaine was admitted solely for the purpose of establishing identity.

During summation, the District Attorney stated to the jury: "The issue is, is the defendant the guy? Has he refuted the officer's testimony that he said that is the guy?"

The evidence was sufficient to sustain the verdict convicting defendant, despite the inaccurate description by the undercover officer and the confusion concerning the denominations of the "buy" money, and the fact that no prerecorded "buy" money was recovered.

However, it was clearly improper to allow the introduction of the glassine envelope containing cocaine residue into evidence. Evidence of an uncharged crime is generally inadmissible whether the uncharged crime occurs before or at the same time as the crime charged *(People v Jones,* 62 AD2d 356). The exceptions authorized in *People v Molineux* (168 NY 264) permit such evidence only where the uncharged crime tends to identify the defendant as the person who committed the crime charged in the indictment. However, such exception must be "sufficiently unique to be probative on the issue of identity." *(People v Beam,* 57 NY2d 241, 252). In this case, the People's own evidence demonstrated that the possession of the "Capital" brand of narcotic was not so unique as to tend to establish identity. The "trademark" was not unique to any particular person. It might very well have been sold by many pushers in the same area. Moreover, the substance found in the envelope in defendant's possession contained a residue of cocaine, not heroin. Possession of an envelope containing cocaine, marked "Capital", was simply not so distinctive as to identify defendant as the seller of heroin in an envelope, also marked "Capital".

To the extent such evidence might be probative, its prejudicial nature clearly outweighed its probative value *(People v*

*Allweiss*, 48 NY2d 40, 47). The sole question on the trial was identification. The inexperience of the undercover officer raised some questions. The only other evidence linking defendant to the heroin sale was the bag of cocaine. The jury might very well have been influenced to convict solely because it believed he should be punished for possession of cocaine, an uncharged crime *(People v Zackowitz*, 254 NY 192, 198). The limiting instructions given by the court were not sufficient to have obviated the effect of such evidence *(People v Santarelli*, 49 NY2d 241).

Moreover, the comments made by the District Attorney in his summation improperly imposed a burden on defendant to come forward with proof. This was plainly prejudicial and improper, impinging on defendant's right against self-incrimination *(People v King*, 73 AD2d 895, 896; *People v Abdul-Malik*, 61 AD2d 657, 663; *People v Cavallerio*, 71 AD2d 338, 343-344). Concur—Kupferman, J. P., Sandler, Fein, Rosenberger and Wallach, JJ.