■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JUAN ALMONTE, Appellant.—Appeal by the defendant from a
judgment of the County Court, Suffolk County (Weissman, J.),
rendered July 19, 1984, convicting him of assault in the first
degree, upon a jury verdict, and imposing sentence. The
appeal brings up for review the denial, after a hearing, of that
branch of the defendant's omnibus motion which was to
suppress identification evidence.

Ordered that the judgment is affirmed.

The record demonstrates that the pretrial photographic
identification procedure utilized in this case was fair and
nonsuggestive, and, in any event, the complainant had an
independent source upon which to base his identification of
the defendant. The hearing court accordingly properly denied
the defendant's motion to suppress the complainant's in-court
identification by the victim. The introduction of evidence of
the photographic identification at trial was not error because
defense counsel "opened the door" to the introduction of this
evidence by inquiring into the basis of the defendant's initial
arrest and by referring to a report which characterized this
photographic identification as "suspect" *(see, People v Bolden,*
58 NY2d 741). Under these circumstances, the prosecutor was
then entitled to demonstrate the fairness of the photographic
identification procedure *(see, People v Grate,* 122 AD2d 853, *lv
denied* 68 NY2d 1000).

Viewing the evidence presented at trial in the light most
favorable to the prosecution, as we are obligated to do *(see,
People v Contes,* 60 NY2d 620), we find that the evidence was
legally sufficient to sustain the defendant's conviction. The
victim testified that the defendant, whom he had known for 3
to 5 years, shot him at point-blank range while he was sitting
in his car in the lighted parking lot of the Continental
Restaurant in Lindenhurst on the evening of September 15,
1982. Ramon Barrientos testified that the defendant admitted
to him the following day that he had shot and injured Octavio
Torres the night before at the Continental Restaurant. That
the defendant provided the testimony of several alibi wit-
nesses who, somewhat equivocally, testified that he was inside
the restaurant when the shooting occurred does not render
the proof insufficient. Resolution of issues of credibility, as
well as the weight to be accorded to the evidence presented,

are primarily questions to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We note that we find nothing in the record warranting a reduction of the defendant's sentence.

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.