■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR GUTIERREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered June 23, 1983, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the undercover police officer to whom he sold a glassine envelope containing narcotics should have been produced to testify at his trial, since this officer was the principal witness to the narcotics transaction as well as to the identity of the glassine envelope introduced at trial.

The defendant further claims that it was error for the trial court to have let an observing police officer testify to the similarity of the glassine envelope introduced at trial to the envelope passed by the defendant to the undercover officer.

The defendant's arguments are without merit. Sufficient indirect and circumstantial evidence was presented to persuade the jury that the defendant had sold a glassine envelope containing heroin to the undercover agent *(see, People v Kennedy,* 47 NY2d 196). This evidence includes testimony that the undercover officer bought only one glassine packet on the date in question; that two other officers in a nearby van witnessed the purchase and that one of these observing officers and a second undercover officer watched the undercover buyer voucher the glassine envelope, entering on the voucher the defendant's code name and number as well as the hour of purchase; and that a police department chemist found on analysis that the glassine envelope contained heroin.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.