■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC FLORES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered October 23, 1986, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The issues of credibility, as well as the weight to be accorded the evidence presented, are generally matters for resolution by the jury (see, *People v Gaimari,* 176 NY 84, 94).

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We also find that the court, in instructing the jury, made a meaningful effort to relate the law of justification to the facts of this case *(see,* CPL 300.10 [2]) and that the justification charge was proper *(see, People v Goetz,* 68 NY2d 96, 115). Although the defendant is entitled to the most favorable view of the evidence in determining which defenses are to be incorporated into the court's charge *(see, People v Torre,* 42 NY2d 1036, 1037), a reasonable view of the evidence does not support a finding that the victim was attempting to commit or was committing a robbery *(see,* Penal Law § 35.15 [2] [b]).

The defendant failed to preserve the points of alleged prosecutorial misconduct for appellate review (CPL 470.05 [2]). He either failed to object, or if his objection was sustained, and the court struck the comments objected to, he failed to ask for further curative instructions, indicating that he was satisfied with the court's action *(see, People v Medina,* 53 NY2d 951, 952). In any event, the prosecutor's remarks during summation were appropriate in view of the defense counsel's summation remarks *(see, People v Singleton,* 121 AD2d 752, 753, *lv denied* 68 NY2d 918).

Finally, contrary to the defendant's contention, the rebuttal testimony was admissible *(see, People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846). Thompson, J. P., Brown, Weinstein and Balletta, JJ., concur.