■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BROWN, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Tomei, J.), both rendered September 16, 1986, convicting him of robbery in the first degree and unlawful imprisonment in the first degree under indictment No. 6940/85, upon a jury verdict, and robbery in the third degree under indictment No. 3025/86, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Viewing the evidence adduced at the trial of indictment No. 6940/85 in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we find that the verdict in that case was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We disagree with the defendant's contentions that the People's summation deprived him of a fair trial and due process of law. We note that with respect to many of the allegedly improper comments, the trial court sustained the objections registered by the defendant and—without subsequent objection by the defendant—promptly issued curative instructions to the jury, thereby dissipating any prejudice which may have arisen *(see, People v Medina,* 53 NY2d 951; *People v Flores,* 139 AD2d 525, 526; *People v Keith,* 136 AD2d 657, *lv denied* 71 NY2d 970). Moreover, the record further reveals that certain of the prosecutor's remarks were merely responsive to the defense counsel's questioning the credibility of the People's witnesses *(see, People v Flores, supra; People v Gutierrez,* 136 AD2d 655; *People v Collins,* 136 AD2d 722, 723, *lv denied* 71 NY2d 894). In any event, the prosecutor's comments did not, in light of the strong proof of guilt, deprive the defendant of a fair trial *(see, People v Galloway,* 54 NY2d 396; *People v Keith, supra).*

Finally, the sentences imposed were neither harsh nor excessive under the circumstances. Mollen, P. J., Brown, Eiber and Kooper, JJ., concur.