■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RON KEELING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered October 19, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the People did prove his guilt beyond a reasonable doubt. Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence established that it was the defendant from whom the undercover police officer purchased $20 worth of cocaine *(see, People v Keeling,* 141 AD2d 668; *People v Gutierrez,* 136 AD2d 655; *People v Rojas,* 121 AD2d 315).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). The jury's verdict rested primarily upon its assessment of the credibility of the

witnesses who testified at trial. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record *(see, People v Almonte,* 135 AD2d 824; *People v Garafolo,* 44 AD2d 86, 88). Although there were some testimonial inconsistencies, the jury's verdict is adequately supported by the record; it is not against the weight of the evidence, and accordingly it need not be disturbed *(see, People v Tugwell,* 114 AD2d 869).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review (CPL 470.05 [2]; *see, People v Medina,* 53 NY2d 951) or without merit *(see, People v Rawlings,* 144 AD2d 500; *People v Crawford,* 130 AD2d 678). Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.