■ In the Matter of CLARENCE C., a Person Alleged to be a Juvenile Delinquent, Appellant.—In two juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Kings County (Greenbaum, J.), dated September 23, 1988, which, upon a fact-finding order of the same court, dated August 22, 1988, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, and placed him with the Division for Youth, Title III, for a period of 15 months, and (2) an order of disposition of the same court (Esquirol, J.), dated September 29, 1988, which, upon a fact-finding order of the same court, dated August 23, 1988, upon his consent, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of menacing and placed him with the Division for Youth, Title III, for a period of 12 months, with this placement to run concurrent with the placement under the order of disposition dated September 23, 1988.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

Eyewitness testimony established all of the elements of the crime of criminal possession of a weapon in the third degree *(see,* Penal Law § 265.02 [4]; *see also, People v Gonzalez,* 104 AD2d 1007). Viewing this evidence in the light most favorable to the presenting agency *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to support the finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, weighing "the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" *(People ex rel. MacCracken v Miller,* 291 NY 55, 62) we are satisfied that the finding was not against the weight of the evidence (Family Ct Act § 342.2 [2]; *cf.,* CPL 470.15 [5]). Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.