■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PIZZARO, Appellant.—Judgment, Supreme Court, New York County (Harold J. Rothwax, J.), rendered October 31, 1990, convicting defendant, after a jury trial of murder in the second degree, and sentencing him to a term of imprisonment of 25 years to life with a recommendation that parole not be granted, unanimously affirmed.

There is no merit to defendant's contention that the trial court erred in refusing to allow evidence of the victim's prior acts of violence and general reputation for violence in the community, until such time as defendant made an offer of proof that he was aware of such acts and reputation. No such offer of proof having been made, the issue of the admissibility of the proffered testimony is not preserved for review *(People v Zambrano,* 114 AD2d 872). In the absence of any evidence that at the time of defendant's altercation with the victim, defendant knew of the victim's alleged reputation or was aware of the alleged acts of violence, the victim's alleged violent disposition is not material to the defendant's justification defense *(see generally, People v Miller,* 39 NY2d 543; *see also, People v Cotto,* 159 AD2d 385, *lv denied* 76 NY2d 786).

Defendant's argument that certain comments by the prosecutor during summation improperly shifted the burden of proof is also unpreserved, defendant having failed to object thereto *(People v Tardbania,* 72 NY2d 852), and we decline to review in the interest of justice. If we were to review, we would criticize the prosecutor's comment that defendant "produces no evidence of self-defense", and that "[h]e doesn't say I removed the guns from him and killed him" *(see, People v Grice,* 100 AD2d 419, 422; *People v Rojas,* 121 AD2d 315, 318, *lv withdrawn* 68 NY2d 773), but would hold that since, among other reasons, the jury was adequately instructed on the burden of proof, there is not a significant likelihood that the verdict was affected by this single instance of prosecutorial misconduct.

Defendant's argument that he was deprived of a fair trial when the court extensively questioned the testimony of his witness is also unpreserved, defendant having failed to make known to the court that, in his view, the court was thereby implicitly conveying disbelief in the witness *(People v Charleston,* 56 NY2d 886), and we decline to review in the interest of justice. If we were to review, we would note that defendant does not specify any particular instances of conduct on the part of the court suggestive of bias, and would find that the record shows that the court was only seeking to clarify confusing testimony *(see, People v Jones,* 176 AD2d 174, *lv denied* 79 NY2d 859).

Also unpreserved, for failure to make a specific objection *(People v Nuccie,* 57 NY2d 818, 819), is defendant's argument that the court's instructions pertaining to his witness's credibility deprived him of a fair trial, and we decline to review in the interest of justice. If we were to review, we would find

that the challenged instruction was consistent with the standard charge (1 CJI[NY] 7.07, at 277), and hold that it was entirely proper.

Defendant also failed to preserve any challenge to the court's supplemental instruction on the defense of justification *(People v Jackson,* 76 NY2d 908), and we decline to review in the interest of justice. There is no indication that the court did not meaningfully respond to the jury note *(see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847).

Finally, we have reviewed defendant's argument that the sentence is excessive, and find it to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Rubin, JJ.