■ In the Matter of NIKKIA C., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Tolbert, J.), dated January 25, 1991, which, upon a fact-finding order of the same court, dated December 19, 1990, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation under the supervision of the Westchester County Probation Department for a period of one year, effective November 28, 1990. The appeal brings up for review the fact-finding order dated December 19, 1990.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the presentment

agency adduced legally sufficient evidence to establish that he committed an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree. Viewing the evidence in the light most favorable to the presentment agency *(see, Matter of Clarence C.,* 166 AD2d 442; *Matter of John G.,* 118 AD2d 646), it established that the appellant stole a sum of currency from the complainant's person *(see,* Penal Law § 155.30 [5]; *People v Sumter,* 173 AD2d 659). Although the complainant's testimony that the appellant removed the money from his pocket conflicted with the complainant's prior statement that the appellant removed the money from the complainant's closed hand, this minor inconsistency was not sufficient to render the complainant's testimony incredible as a matter of law *(see, People v Sostre,* 182 AD2d 788; *People v Torres,* 179 AD2d 696). Moreover, we are satisfied that the Family Court's factual findings were not contrary to the weight of the evidence. In this case the hearing court was in the best position to assess the complainant's credibility, as it saw and heard his testimony first hand *(see, People v Gaimari,* 176 NY 84, 94). The court was aware of the discrepancy in the complainant's testimony and was further aware that the complainant had previously falsely accused the appellant of a larceny. Nevertheless, the court's assessment of the complainant's credibility should not be set aside unless clearly unsupported by the record *(see, People v Keeling,* 154 AD2d 620; *People v Almonte,* 135 AD2d 824; *People v Garafolo,* 44 AD2d 86). As the court's determination was amply supported by the record, it will not be disturbed on appeal *(see, Matter of David R.,* 170 AD2d 453).

The court did not improvidently exercise its discretion in ordering supervised probation rather than an adjournment in contemplation of dismissal *(see, Matter of Rufino M.,* 168 AD2d 385; *Matter of Raymond A.,* 136 AD2d 700). Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.