■ In the Matter of ISAAC Q., a Person Alleged to be a Juvenile Delinquent, Appellant. [629 NYS2d 37] —Order of disposition, Family Court, New York County (Judith B. Sheindlin, J.), entered May 5, 1994, which adjudicated appellant a juvenile delinquent and placed him with the New York State Division for Youth for a period of three years with the condition that he be confined in a secure facility for twelve months, following a fact-finding determination that appellant committed acts which, if committed by an adult, would constitute the crimes of attempted murder in the second degree, attempted assault in the second degree, and criminal possession of a weapon in the fourth degree, unanimously affirmed, without costs.

Viewing the evidence adduced at the fact-finding hearing in a light most favorable to the Presentment Agency and giving it the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), the evidence was legally sufficient to support the conclusion that the respondent had committed the acts complained of. Testimony established that respondent had stabbed the complainant while an accomplice and fellow gang member had stabbed her friend and then thrown the girls into the East River. Thereafter, when pulled from the water, the respondent and the accomplice repeatedly stabbed complainant in the head with a knife and then punched her in the side of her head. She was then thrown back into the East River, where she remained for approximately two and a half hours until both women were rescued by the police.

Appellant argues that the testimony of the victim was incred-

ible as a matter of law because she was a former gang member, had been convicted of a crime, had a history of alcohol abuse, and was highly intoxicated at the time of the incident. In addition, appellant asserts that the victim's testimony was unbelievable because she initially told the police that her assailants were two Hispanic men, but then told the police four days after the incident that appellant was involved. We reject respondent-appellant's contentions. Resolution of issues of credibility are questions to be determined by the trier of fact, who saw and heard the witnesses, and its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*Matter of Joseph J.*, 205 AD2d 776, 777, citing *People v Garafolo*, 44 NY2d 86, 88). The factual findings herein were not " 'manifestly erroneous' " or " 'plainly unjustified' " (*Matter of Darryl G.*, 184 AD2d 204, 205). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.