■ In the Matter of KRYZSTOF K., a Person Alleged to be a Juvenile Delinquent, Appellant. [723 NYS2d 888] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated February 1, 1999, which, upon a fact-finding order of the same court, dated December 2, 1998, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree (four counts), adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated December 2, 1998.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see, Matter of David H.,* 69 NY2d 792; *cf., People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree (*see,* Penal Law § 130.60 [2]). Contrary to the appellant's contention, sexual gratification may be inferred from the nature of the acts committed and the circumstances in which they occurred (*see, People v Aronsen,* 204 AD2d 470; *People v Estela,* 136 AD2d 728). Moreover, the Family Court's determination was not against the weight of the evidence (*see, Matter of George Omar-Saiid C.,* 272 AD2d 399). The resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, Matter of Joan P.,* 245 AD2d 381). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, Matter of Isaac Q.,* 217 AD2d 410). The minor inconsistencies in the complainant's testimony as to the dates and frequency of the acts at issue did not render it incredible as a matter of law (*see, Matter of Nikkia C.,* 187 AD2d 581).

It was established by a preponderance of the evidence that the appellant required supervision and counseling (*see,* Family Ct Act §§ 352.1, 350.3). Therefore, the Family Court providently exercised its discretion in ordering supervised probation rather than an adjournment in contemplation of dismissal (*see, Matter of Nikkia C., supra*). Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.