■ In the Matter of BERNELL R.W., a Person Alleged to be a Juvenile Delinquent, Appellant. [776 NYS2d 813]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Suffolk County (Freundlich, J.), entered March 27, 2003, which, upon a fact-finding order of the same court dated February 7, 2003, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree, adjudged him to be a juvenile delinquent, placed him on probation for a period of two years, and directed him to perform 100 hours of community service. The appeal brings up for review the fact-finding order dated February 7, 2003.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Natayya P,* 2 AD3d 862 [2003]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree (*see Matter of Michael H.,* 294 AD2d 364 [2002]; *Matter of Pierre B.,* 210 AD2d 3 [1994]). Resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions for the trier of fact (*cf. People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf.,* CPL 470.15 [5]; *People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the Family Court's factual determination was not against the weight of the evidence (*cf.* CPL 470.15; *see Matter of Nnennya P,* 247 AD2d 476 [1998]).

The appellant's remaining contentions are without merit. Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.