■ In the Matter of JEAN C., a Person Alleged to be a Juvenile Delinquent, Appellant. [783 NYS2d 818]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Grosvenor, J.), dated July 23, 2003, which, upon a fact-finding order of the same court dated June 20, 2003, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree, attempted assault in the third degree, and menacing in the third degree, adjudged him to be a juvenile delinquent, and granted him a conditional discharge for a period of 12 months. The appeal brings up for review the fact-finding order dated June 20, 2003.

Ordered that the appeal from so much of the order of disposition as granted the appellant a conditional discharge for a period of 12 months is dismissed as academic, without costs or disbursements, as that portion of the order of disposition expired by its own terms; and it is further,

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof which adjudicated the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, and

substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly.

Viewing the evidence in the light most favorable to the presentment agency and according it the benefit of every reasonable inference (see Matter of Bernell R.W., 7 AD3d 724 [2004]; Matter of Tonia B., 239 AD2d 572 [1997], lv denied 91 NY2d 803 [1997], cert denied 524 US 917 [1998]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the charged offenses. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions for the trier of fact, which saw and heard the witnesses (see Matter of Kryzstof K., 283 AD2d 431 [2001]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see Matter of Isaac Q., 217 AD2d 410 [1995]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (cf. CPL 470.15 [5]).

However, as the presentment agency correctly concedes, since the appellant was found to have committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree, the count of the petition charging attempted assault in the third degree should have been dismissed as a lesser-included offense (cf. CPL 1.20 [37]; 300.40 [3] [b]; see Matter of Tonia B., supra; Matter of Jamal M., 187 AD2d 654 [1992]). S. Miller, J.P., Schmidt, Mastro and Fisher, JJ., concur.