■ In the Matter of Thomas S., Appellant. [809 NYS2d 186]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (O'Donoghue, J.), dated December 22, 2004, which, upon a fact-finding order of the same court dated December 3, 2004, made after a hearing, finding that the appellant had committed an act, which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 15 months. The appeal brings up for review the fact-finding order dated December 3, 2004.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree (*see Matter of Kryzstof K.*, 283 AD2d 431, 432 [2001]; *Matter of George Omar-*

*Saiid C.*, 272 AD2d 399 [2000]). The minor inconsistencies in the complainant's testimony did not render it incredible as a matter of law (*see Matter of Kryzstof K.*, *supra*; *Matter of George Omar-Saiid C.*, *supra*; *Matter of Nikkia C.*, 187 AD2d 581, 582 [1992]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Jerrol H.*, 19 AD3d 693, 694 [2005]; *Matter of Bernell R.W.*, 7 AD3d 724 [2004]; *Matter of Joan P.*, 245 AD2d 381 [1997]; *cf. People v Gaimari*, 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Jerrol H.*, *supra*; *Matter of Bernell R.W.*, *supra*; *Matter of Isaac Q.*, 217 AD2d 410, 411 [1995]; *cf. People v Garafolo*, 44 AD2d 86, 88 [1974]). The Family Court was in the best position to assess the complainant's credibility, as it saw and heard her testimony first-hand (*see Matter of Tyrell A.*, 249 AD2d 467, 468 [1998]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*see Matter of Jerrol H.*, *supra* at 694; *cf.* CPL 470.15 [5]). Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.