■ In the Matter of RUFUS D., a Person Alleged to be a Juvenile Delinquent, Appellant. [818 NYS2d 466]—In a juvenile delin-

quency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Queens County (Lubow, J.), dated December 1, 2005, which, after a hearing, found that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of obstruction of governmental administration in the second degree and criminal trespass in the third degree, and (2) an order of disposition of the same court dated February 1, 2006, which, upon the fact-finding order, adjudicated him a juvenile delinquent and placed him the custody of the New York State Office of Children and Family Services for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the petition, together with the supporting deposition, contained nonhearsay allegations, if true, establishing every element of the offenses charged and the appellant's commission of the offenses (*see* Family Ct Act § 311.2 [3]; *Matter of Wesley M.,* 83 NY2d 898 [1994]).

Viewing the evidence in the light most favorable to the presentment agency, and according it the benefit of every favorable inference (*see Matter of Jean C.,* 12 AD3d 440 [2003]; *cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of obstruction of governmental administration in the second degree, and criminal trespass in the third degree. Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*see Matter of Kryzstof K.,* 283 AD2d 431 [2001]; *cf.* CPL 470.15 [5]).

The appellant's remaining contention is without merit. Schmidt, J.P., Ritter, Santucci and Lunn, JJ., concur.