■ In the Matter of RONY D., a Person Alleged to be a Juvenile Delinquent, Appellant. [825 NYS2d 240]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Pearl, J.), dated April 15, 2005, which, upon a fact-finding order of the same court dated January 7, 2005, as supplemented by an order dated February 18, 2005, made after a hearing, finding that the appellant committed acts, which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree (two counts), adjudged him to be a juvenile delinquent and conditionally discharged him for a period of 12 months. The appeal brings up for review the fact-finding order dated January 7, 2005, as supplemented by the order dated February 18, 2005.

Ordered that the appeal from so much of the order of disposition as conditionally discharged the appellant for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of conditional discharge has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of sexual abuse in the second degree (*see* Penal Law § 130.60 [2]; *Matter of Thomas S.*, 26 AD3d 389 [2006]). Moreover, resolution of issues of credibility,

as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Thomas S., supra* at 390). Its determination should not be disturbed unless clearly unsupported by the record (*see Matter of Thomas S., supra; Matter of Isaac Q.*, 217 AD2d 410, 411 [1995]). The Family Court was in the best position to assess the complainant's credibility (*see Matter of Thomas S., supra*). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*see Matter of Thomas S., supra*). Florio, J.P., Adams, Krausman and Rivera, JJ., concur.