■ In the Matter of ROBERT JOSEPH G., a Person Alleged to be a Juvenile Delinquent, Appellant. [867 NYS2d 467]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Richmond County (McElrath, J.), dated December 11, 2007, which, upon a fact-finding order of the same court dated July 11, 2007, made after a hearing, as amended by a fact-finding order dated April 30, 2008, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal trespass in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated July 11, 2007, as amended by the fact-finding order dated April 30, 2008.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Rufus D.,* 31 AD3d 757, 758 [2006]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of criminal trespass in the third degree (*see* Penal Law § 140.10 [b]; § 140.00 [5]). Contrary to the appellant's argument, the evidence was sufficient to prove that the appellant's unauthorized entry into a school building was "in violation of conspicuously posted rules or regulations governing entry and use thereof" (Penal Law § 140.10 [b]). The school principal testified that a sign stating "NO TRESPASS-ING: Loiterers in vicinity of school or trespassers on school property are subject to arrest for disorderly conduct. Closed at dusk. Penal Law 722-b" was located outside the main entrance, which was the only entrance open that night, and that "NO TRESPASSING" signs were located inside the building on either side of the main entrance doorway. Despite the inaccurate statutory reference in the outside sign, the signs nevertheless provided the required notice of the prohibited conduct. Upon our independent factual review, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]). Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.