People v Rivera (2018 NY Slip Op 09024)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Rivera

2018 NY Slip Op 09024

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Friedman, J.P., Sweeny, Kapnick, Kahn, Singh, JJ.


1918/13 7946 7945 7944 7943 7942 7941 7940 7939 7938

[*1]The People of the State of New York, Respondent,
vAlfred Rivera, Defendant-Appellant.
The People of the State of New York, Respondent,
vDavid Rodriguez, Defendant-Appellant.
The People of the State of New York, Respondent,
vTobias Parker, Defendant-Appellant.
The People of the State of New York, Respondent,
vJose Parra, Defendant-Appellant.
The People of the State of New York, Respondent,
vHarmon Frierson, Defendant-Appellant.
The People of the State of New York, Respondent,
[*2]vDwayne Maynard, Defendant-Appellant.

Larry Sheehan, Bronx, for Alfred Rivera, appellant.
Glenn A. Garber, P.C., New York (Glenn A. Garber of counsel), for David Rodriguez, appellant.
David K. Bertran, Bronx, for Tobias Parker, appellant.
London & Worth, LLP, New York (Howard B. Sterinbach of counsel), for Jose Parra, appellant.
Donald Yannella, PC, New York (Donald Yannella of counsel), for Harmon Frierson, appellant.
Feldman Golinski Reedy + Ben-Zvi PLLC, New York (Leslie H. Ben-Zvi of counsel), for Dwayne Maynard, appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.

Judgments, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered September 16, 16, 16, and 15, 2016, respectively, convicting defendants Jose Parra, David Rodriguez, Tobias Parker and Alfred Rivera, after a jury trial, of attempted gang assault in the first degree, attempted assault in the first degree, assault in the second degree, falsifying business records in the first degree, offering a false instrument for filing in the first degree and official misconduct, and sentencing each to an aggregate term of 4½ years, unanimously affirmed. Judgments, same court and Justice, rendered September 16, 2016, convicting defendants Harmon Frierson and Dwayne Maynard, after a nonjury trial, of official misconduct, and sentencing each to a conditional discharge with 500 hours of community service, unanimously affirmed.
The verdicts were based on legally sufficient evidence and were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). Moreover, we find that the evidence was overwhelming. There is no basis for disturbing the credibility determinations made by the respective factfinders in this joint jury/nonjury trial. The triers of fact properly resolved any inconsistencies involving the testimony and prior statements by the victim, who was a prison inmate when he was assaulted by correction officers, including four of the defendant-appellants, in a search pen, which was covered for privacy, and another inmate who testified about his observations outside the pen. The triers of fact properly rejected defendants' justification defenses predicated on written reports by correction officers to the effect that the victim was an initial aggressor and was swinging a knife at the officers. This defense was refuted by, among other things, medical evidence and the fact that the victim had gone through a metal detector and strip search immediately before the incident. Frierson and Maynard remained outside the search pen during the incident, but the evidence showed that they filed false official reports, with the intent to benefit other officers, about commands addressed to the victim that they purportedly heard during the incident (see People v Flanagan, 28 NY3d 644, 659 [2017]).
The court properly declined to charge justification pursuant to Penal Law §§ 35.10(2) and 35.30(1) as to defendants Rodriguez, Parker, Parra, and Rivera. This case presented a straightforward credibility contest, in which defendants and other correction officers alleged in their written reports that the officers used force to defend themselves against the victim who was wielding a knife, but the victim testified that he was merely complying with a search when the officers suddenly initiated an attack against him without provocation. The court issued a proper justification charge based on the officers' accounts (Penal Law § 35.15), but properly declined to charge justification under the other statutes, which are limited to special situations. In any event, any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]), because the absence of the initial aggressor exclusion in the additional justification statutes at issue would not have [*3]benefited defendants, who would not have been considered initial aggressors in the first place if the jury had credited their accounts.
The court providently exercised its discretion in precluding evidence as to the meaning of a "red ID card," which had been issued to the victim by the correctional facility and was visible on his clothing in a surveillance video. Defendants' argument that the card was relevant to their justification defenses is unavailing, since there was no evidence that they used force because of any beliefs about the victim's conduct based on his card (see People v Pizzaro, 184 AD2d 448 [1st Dept 1992], lv denied 80 NY2d 908 [1992]). Defendants' reports attributed their decisions to use force solely to the victim's conduct at the time of the incident, and did not mention the card.
The court properly denied the severance motions made by defendants Frierson and Maynard, who waived a jury trial. The People's case against them and their codefendants was generally provided by the same evidence, their defenses did not pose any "irreconcilable conflict with" a codefendant's defenses, and there was no "significant danger" that the joint trial would cause the court in the nonjury trial to infer guilt (People v Mahboubian, 74 NY2d 174, 185 [1989]). Moreover, the court, in its capacity as a separate factfinder regarding these defendants, is presumed capable of avoiding prejudice.
The court providently exercised its discretion in declining to hold a hearing pursuant to Frye v United States (293 F 1013 [DC Cir 1923]) to determine whether the use of the forensic statistic tool to conduct DNA analysis using the low count number or high-sensitivity method was generally accepted in the scientific field (see People v Gonzalez, 155 AD3d 507 [1st Dept 2017], lv denied 30 NY3d 1115 [2018]).
Defendants were also not entitled to a Frye hearing as to the metal detector through which the victim passed shortly before the incident. The court properly allowed the People's expert to testify, based on his experience conducting thousands of tests of the same model of metal detector, that the machine, when set to a certain sensitivity level, would have a 99.999% chance of detecting the piece of metal in question, or a 1 in 100,000 of failing to do so. In overruling objections to this testimony, the court made clear that defendants could cross-examine the expert about his basis for this estimate.
In any event, we find that any error in the foregoing rulings regarding the jury charge, evidentiary matters, or severance was harmless in light of the overwhelming evidence of guilt (see Crimmins, supra).
We perceive no basis for reducing any of the sentences.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK