OPINION OF THE COURT
Susan R. Larabee, J.
Respondent moves for dismissal upon speedy trial grounds, claiming that the date of commencement of this action should be the initial appearance date of a prior petition, since dismissed based on Matter of Jahron S. (176 AD2d 886, revd 79 *483 NY2d 632). The court, ruling from the bench, denied the motion.
The pertinent facts herein are not in dispute. On May 13, 1992, petition D 5277/92 was filed, alleging that the respondent, Marcus A., violated Penal Law § 220.39 (1) and § 115.00 (1). Attached to and part of that petition was a deposition signed by Undercover Police Officer No. 3125, stating that based upon his years of experience as a police officer he identified an alleged controlled substance removed from the respondent. The matter was adjourned to another Part for a hearing on June 30, 1992. On June 9, 1992, the New York Court of Appeals, in Matter of Jahron S. (supra), ruled unambiguously that petitions such as the one in question are jurisdictionally defective. Up until that decision, police officer depositions similar to that of Undercover Officer No. 3125 were held to be sufficient for Family Court jurisdiction. (Matter of Jose M., 178 AD2d 343 [1st Dept 1991].)
On June 12, 1992, the Corporation Counsel advanced docket No. D 5277/92 and, based upon the Jahron S. decision (supra), withdrew it. The dismissal was without prejudice to the presentment agency’s filing a new, proper petition.
The petition before this court was filed on July 29, 1992. An initial appearance was not held on that date, because the respondent was at that time in the State of Florida, having been sent there by his mother on July 6, 1992. Appearing were his mother, the Corporation Counsel, and the Law Guardian.
On July 29, the Law Guardian declined to enter an admission or a denial on her client’s behalf, and argued that inasmuch as more than 60 days had elapsed from May 13 until July 29, and that there had been no finding of good cause for an adjournment, the petition would have to be dismissed pursuant to sections 310.2 and 340.1 of the Family Court Act. She also cited Matter of Frank C. (70 NY2d 408 [1987]) and Matter of Randy K. (77 NY2d 398 [1991]).
Corporation Counsel disagreed, and maintained that the speedy trial time begins to run only upon the commencement of the new delinquency matter, which, according to statute, is upon the initial appearance.
The Law Guardian’s motion to dismiss was denied on August 4, 1992, and an initial appearance immediately held on docket No. D 8509/92, with the respondent entering a denial and waiving a formal reading of the charges. The respondent *484 was paroled to his mother, and the case sent to a Trial Part for fact finding on August 24, 1992.
The only case law supporting the Law Guardian’s interpretation of the Family Court Act is Matter of Jessie C. (NYLJ, May 4, 1992, at 33, col 5). For the reasons set forth below, this court is not persuaded by the reasoning in that decision.
The Family Court Act states that the Criminal Procedure Law does not apply to juvenile delinquency proceedings. (Family Ct Act § 303.1 [1].) The fact that Judges may refer to the Criminal Procedure Law for reference or guidance does not alter this mandate. Considering the facts of the case before this court, the CPL offers little, if any useful analogy, since the juvenile and adult systems are statutorily dissimilar.
When a delinquency petition has been dismissed, nothing remains before the court for consideration. When, as here, the earlier case was dismissed because of a jurisdictional defect, there had never been a proper petition before the court, only a nullity. Without a proper petition, no judicial action may ensue: no testimony may be heard, no orders entered, no findings of fact or conclusions of law made, and no inquiry held into the needs and best interest of the respondent and the protection of the community. It becomes as if the petition had never been filed. There was no "adjournment” requiring a good cause finding, since the May 13th date lost its significance once the petition was dismissed. Indeed, there was no certainty that a subsequent petition would ever be filed.
The Law Guardian would refer us to the Criminal Procedure Law because of language in CPL 100.05: "A criminal action is commenced by the filing of an accusatory instrument with a criminal court, and if more than one such instrument is filed in the course of the same criminal action, such actions commence when the first of such instruments is filed”. (Emphasis supplied.)
The Family Court Act is quite simple and specific concerning when a delinquency action is commenced. It begins, after the filing of a petition, with the initial appearance. (Family Ct Act §§ 310.2, 320.2, 340.1.) Indeed, there are only two ways in which a petition may come into Family Court: the presentment agency files such a petition, or the matter is removed to Family Court by the adult criminal justice system. (Family Ct Act §§ 310.1, 311.1.)
By contrast, actions commence in the adult criminal system in a variety of ways. (See generally, CPL 100.10.) The Criminal *485 Procedure Law clearly differentiates those instruments which may serve as a basis for the commencement of a criminal action from those which may serve as a basis for the prosecution of the action. In other words, one type of accusatory instrument may commence an action and be followed by another type of accusatory instrument upon which prosecution of the same criminal action is based. There are different requirements for the content of each of these instruments. For speedy trial purposes, the commencement of the action is dated from the first of these instruments.
The Family Court Act, however, provides that a delinquency petition is the sole instrument for the prosecution of a juvenile. The speedy trial "clock” does not begin to tick until the completion of the initial appearance. (Family Ct Act § 340.1.)
For those matters removed to Family Court, Family Court Act § 311.1 (7) establishes the date the removal order is filed with the clerk of the court as the date of filing of the petition. The fact that this section prescribes a new filing date and thus a new initial appearance when a removal order and pleadings are sent to Family Court pursuant to CPL article 725 only further undercuts the Law Guardian’s reasoning.
People v Osgood (52 NY2d 37) does not compel a different result, either for reasons of Federal constitutional claims or basic issues of fairness. That decision is clearly limited to the particular facts before the Court of Appeals, which were that a felony complaint initiating a criminal action against the defendant was "dismissed because of the prosecutor’s inexcusable delay.” (Supra, at 41.) Even if the relevant statutory language of the CPL were held to apply to Family Court proceedings, the May 13th petition can in no way be seen as the "first” in a series of accusatory instruments in the same case. As noted above, this petition is an entirely separate matter from the earlier, defective petition.
Accordingly, the motion to dismiss is denied.