*929 OPINION OF THE COURT
Edward M. Kaufmann, J.
On June 26, 1992, a juvenile delinquency petition was filed against each respondent charging each respondent with the commission of acts which, were they adults, would constitute the crimes of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), criminal mischief in the fourth degree (Penal Law § 145.00 [1]), and unlawful possession of weapons by persons under 16 (Penal Law § 265.05). The charges are that respondents, on or about March 27, 1992, possessed an airgun and intentionally damaged the property of the New York City Transit Authority by making three pellet-sized indentations in a train window.
The record before me does not indicate when the respondents were arrested on these charges or when the case was referred to the presentment agency. Presumably, the respondents were arrested on March 27, 1992, and the matter was referred to the presentment agency on or before April 12, 1992.
The initial appearance, that is, the proceeding on the date the respondent first appears in court (Family Ct Act § 320.1), took place on the date the June 26 petitions were filed. The Judge presiding at the initial appearance on June 26, 1992 (Hon. Judith Sheindlin) adjourned the proceeding for fact finding (trial) until August 3, 1992. On August 3, the proceeding was adjourned until August 7, 1992, when the presentment agency withdrew the petitions because the sole supporting depositions were not sworn to by Police Officer Richard Arana.
On September 1, 1992, new juvenile delinquency petitions were filed against each respondent. The charges in these petitions are identical to the charges in the petitions which were withdrawn on August 7, 1992. The sole supporting depositions of Officer Arana are almost identical to the supporting depositions annexed to the first petitions, but were this time sworn to by the officer on August 18, 1992. The initial appearance on the new petitions again took place on the date the new petitions were filed, that is, September 1, 1992. The Judge presiding at the initial appearance on the new petitions (Hon. Bruce M. Kaplan) adjourned the proceedings for fact finding to October 14, 1992.
On October 9, 1992, the first count of the petitions was dismissed as jurisdictionally defective. On October 14, 1992, *930 the presentment agency was not ready to proceed to fact finding. Respondents orally moved to dismiss the petitions because the fact finding hearing had been delayed beyond the prescribed time limits of the Family Court Act. Respondents have now made a written motion to dismiss, contending that the date of the initial appearance for speedy trial (i.e., speedy fact finding) purposes should be the date of the initial appearance on the initial petitions, which were withdrawn. If this contention is correct, then 122 days will have elapsed prior to the scheduled date for fact finding, October 27, 1992.
Lower courts have disagreed as to whether, under similar circumstances, the date of the initial appearance for speedy trial purposes is the date the respondent first appears in court on an initial or subsequently filed delinquency petition charging the juvenile with identical charges involving the same incident (see, Matter of Jessie C., 154 Misc 2d 103 [Fam Ct, Kings County]; Matter of Marcus A., 155 Misc 2d 482 [Fam Ct, Bronx County]).
Article 3 of the Family Court Act establishes a basic time framework for the completion of juvenile delinquency proceedings relating to specific charges. The article adopts specific time limitations to govern each stage of the delinquency proceeding from arrest through disposition (sentence). Thus, article 3’s provisions are broader than, and distinct from, adult statutory "speedy trial” rules, which apply only" from the date an accusatory instrument is filed until the date of trial (see, Matter of Frank C., 70 NY2d 408, 412; Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 310.2, at 330).
For example, where the juvenile is not detained and the charge does not amount to a designated felony, as here, if the juvenile fails to appear for the adjustment conference on the return date specified in an appearance ticket, the probation service may attempt to secure attendance within a week (Family Ct Act § 307.2 [1]). If efforts to secure attendance within a week are unsuccessful, the matter must immediately be referred to the presentment agency (Family Ct Act § 307.2 [1]). A probation adjustment conference must be held within two weeks following the juvenile’s arrest (Family Ct Act § 307.1). No extension is permitted to make certain there is no delay. If a case is not adjusted, the probation service must notify the presentment agency within 48 hours or the next court day (Family Ct Act § 308.1 [10]). Again, no extension is permitted. The intent is to proceed with dispatch and discour *931 age delay in the resolution of charges against the juvenile (see, Sobie, Introductory Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act art 3, at 262; Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 308.1, at 323).
Article 3 seeks to insure the timely progression of delinquency cases from arrest of the juvenile to referral of the charges to the probation service to referral to the presentment agency and possibly to court (id.) There is no time limitation, it is true, from referral of the case to the presentment agency to the filing of the petition. This is, in part, because of the need for an investigation in some cases (see, Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 307.2, at 313).
Once a petition is filed, however, strict time limitations apply (see, Family Ct Act §§ 310.2, 340.1; Matter of Randy K., 77 NY2d 398, 402). The initial appearance must be held within 10 days (Family Ct Act § 320.2). Extension is permitted only for "good cause shown” (subd [1]). After the initial appearance, the fact finding must be held ordinarily within 60 days (Family Ct Act § 340.1). A 30-day adjournment is permitted "for good cause shown” and successive motions to adjourn are not permitted "in the absence of a showing, on the record, of special circumstances” (Family Ct Act § 340.1 [4], [6]; Matter of Randy K., supra, at 402). Any extension beyond 90 days is thus treated as an extraordinary event which should be only rarely granted (see, Matter of Frank C., supra, at 414; Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 340.1, at 438).
After fact finding, if the petition is not dismissed, a dispositional hearing must be held within 50 days (Family Ct Act § 350.1). Limited adjournments are permitted "for good cause shown” with restrictions against successive adjournments (see, Matter of David R., 150 AD2d 161).
Adding each specific time segment of article 3 results in an over-all maximum limitation of approximately five months from arrest of the juvenile until disposition. The statute’s intent is to discourage any delay in this over-all time limitation by the police, Probation Department, presentment agency, defense counsel, and the court (see, Sobie, Introductory Practice Commentary, McKinney’s Cons Laws of NY, Book 29 A, Family Ct Act art 3, at 262; Matter of Frank C., supra, at 414).
*932 The Court of Appeals has consistently interpreted article 3 to require strict compliance with its speedy hearing time limitations (Matter of Frank C., supra; Matter of Randy K., supra). The source of the delay, be it the presentment agency or the court, is not controlling, and dismissal is required whenever the statute’s speedy hearing requirements are not strictly complied with (supra; see also, Matter of Detrece H., 164 AD2d 306, 311).
It is consistent with the legislative goals of article 3 to designate as the date of the initial appearance in these proceedings, for speedy trial purposes, the date of the initial appearance of the first petitions filed on June 26, 1992. The Legislature’s goal of prompt adjudication of delinquency charges should not be interrupted by careless delay in the presentment agency’s prosecution of a case. Article 3’s general 60-day speedy fact finding rule, and the less specific over-all time framework of approximately five months from arrest to disposition, were meant to eliminate all unjustified delays in the prompt resolution of delinquency charges. To allow the presentment agency to extend the time limitations of article 3 by simply withdrawing a carelessly drafted (and jurisdiction-ally defective) petition and filing a new petition on identical charges would provide incentive for delay. Such delay is completely inconsistent with the legislative goal of speedy resolution of delinquency charges.
The only ambiguity in the statute is the lack of a specific time limitation from referral of the case to the presentment agency to the filing of a petition. Whatever outside limits the presentment agency may have to file a petition in a particular case after referral need not be addressed here to conclude that, once the presentment agency completes its investigation of the charges and files a petition against the juvenile, as it did here, it must then proceed to fact finding within the time limitations of Family Court Act § 340.1. Any other conclusion would seriously thwart the legislative goal of speedy resolution of delinquency charges. Clearly, any ambiguity in the statute should be interpreted in a way that carries out the over-all legislative intent, and not in a manner that impedes the legislative goal of swift resolution of juvenile delinquency cases.
Here, 122 days have elapsed since the initial appearance on the June 26 petition, which is identical to the petition now before the court. There is no explanation for the delay except carelessness. Even after the presentment agency’s petition was *933 withdrawn, the agency did not move with dispatch to resolve the proceedings. Clearly, no later than August 18, 1992, it could have filed a new petition and requested a scheduled trial date prior to August 25, 1992, the 60th day from the filing of the initial petition. Instead, the presentment agency waited until September 1, 1992, to file a new petition, and then chose to conduct the proceedings as though the initial petition was nothing more than a clerical mistake. To allow the presentment agency to continue the proceedings now, in the face of its actions, would reward carelessness and delay and eviscerate the legislative directive for speedy resolution of juvenile delinquency charges.
Accordingly, the petitions are dismissed.