OPINION OF THE COURT
 

 Titone, J.
 

 In this juvenile delinquency proceeding we are called upon to determine the consequences of a failure to hold the "initial appearance” within 10 days of the filing of the delinquency petition as required by Family Court Act § 320.2. We conclude that this flaw is not alone a reason to foreclose a timely prosecution of the underlying charges.
 

 On March 2, 1993, the presentment agency filed a petition alleging that respondent committed acts, which if committed by an adult, would constitute the crimes of burglary in the first degree, burglary in the second degree and petit larceny. The charges stem from respondent’s alleged breaking and entering into a residence while armed and his theft of property therefrom. Respondent’s initial appearance on the petition was not held until March 29, 1993.
 

 Respondent then moved to dismiss the petition on the ground that the initial appearance was not held within 10 days of the date the petition was filed as required by Family Court Act § 320.2 (1) and no good cause was shown for the delay. The presentment agency conceded that dismissal of that petition was proper since no good cause had been shown, but argued that
 
 *12
 
 dismissal should be without prejudice to refile the petition. Family Court granted the motion and dismissed the petition on April 26, 1993.
 
 [1]
 
 On May 3, 1993, the presentment agency filed an identical petition against respondent. Respondent’s appearance on the second petition was held on May 11, 1993.
 

 Respondent then moved to dismiss the second petition pursuant to Family Court Act §§ 310.2, 320.2 and 332.1 (8) on the ground that his right to a speedy fact-finding hearing was violated. Family Court denied the motion, holding that the right to speedy fact finding guaranteed by the Family Court Act "is not compromised by allowing the refiling of a petition” where, as here, the fact-finding hearing commenced within 60 days of the initial appearance on the first petition. Respondent preserved his right to appeal after admitting that he committed acts constituting unlawful possession of a weapon by a person under 16 in satisfaction of all charges in the petition.
 
 [2]
 
 Respondent was adjudicated a juvenile delinquent and placed on probation for a term of 12 months.
 

 The Appellate Division affirmed, with one Justice dissenting. The majority concluded that the presentment agency was not precluded from refiling a delinquency petition after the first was dismissed for failure to hold the initial appearance within 10 days of such filing where the juvenile’s separate right to a "speedy hearing” was observed. The dissent opined that the presentment agency’s failure to show "good cause” for the belated initial appearance required dismissal of the petition with prejudice in order to give effect to the statutory "good cause” language. We granted respondent permission to take this appeal, and now affirm.
 

 The Family Court Act prescribes the procedures and time frames for conducting the juvenile’s "initial appearance,” which is "the proceeding on the date the respondent first appears before the court after a [delinquency] petition has been filed and any adjournments thereof’ (Family Ct Act § 320.1).
 
 [3]
 
 At the initial appearance, the juvenile is appointed a Law
 
 *13
 
 Guardian if independent counsel has not been retained, informed of the charges contained in the petition, and furnished with a copy of the petition (Family Ct Act § 320.2 [2]; § 320.4 [1]). At that time, the court must determine whether detention of the juvenile is warranted, whether the case should be referred to the probation service for adjustment services, the date of the probable-cause hearing for a detained child, the date of the fact-finding hearing, and other issues properly before it
 
 {id.,
 
 § 320.4 [2] [a]-[e]). Family Court Act § 320.2 (1) provides that "[i]f the respondent is not detained, the initial appearance shall be held as soon as practicable and, absent good cause shown, within ten days after a petition is filed.”
 

 Where the juvenile is not detained, an adjudication on the merits of the petition’s charges, known as the "fact-finding” phase of the process, "shall commence not more than sixty days after the conclusion of the initial appearance” (Family Ct Act § 340.1 [2]), subject to adjournments for good cause and special circumstances
 
 {see, id.,
 
 § 340.1 [3]-[5]). The Legislature has given the time frame for commencing the fact-finding phase special status by providing that "[ajfter a petition has been filed * * * the respondent is entitled to a speedy fact-finding hearing”
 
 {id.,
 
 § 310.2). No counterpart to this section exists for the initial appearance. To protect a juvenile’s right to a "swift and certain adjudication” within the designated 60-day time period
 
 (see, Matter of Frank C.,
 
 70 NY2d 408, 413), Family Court Act § 332.1 (8) expressly authorizes the filing of a pretrial motion to "dismiss! ] a petition, or any count thereof, on the ground that the respondent has been denied a speedy fact-finding hearing contrary to section 310.2”
 
 {id.,
 
 § 332.1 [8]). Thus, under the legislative scheme, so long as the adjudication is completed within 60 days, unless good-cause or special-circumstances adjournments are in order, a respondent’s right to a speedy fact finding has been preserved.
 

 We reject respondent’s contention that a violation of the 10-day period for holding the initial appearance alone warrants dismissal of the petition with prejudice, regardless of the date fact finding has commenced. While the Legislature has seen fit to give protected status to the 60-day limit for commencing the fact-finding phase by enacting the speedy fact-finding right and by providing an express ground for dismissal for its violation, the time period for holding the initial appearance has not been granted similar protected status
 
 (cf., Matter of Jose R.,
 
 83 NY2d 388 [dismissal of petition for failing to timely complete dispositional phase not warranted where Family Court Act
 
 *14
 
 lacks provisions establishing right to a speedy disposition and authorizing dismissal of petition for such violation]).
 

 The Family Court does not have inherent power to dismiss a juvenile delinquency petition. Rather, that authority is governed by statute, and is available only in carefully delineated circumstances
 
 (see,
 
 Family Ct Act §§ 315.1, 332.1). Specifically, in addition to a dismissal for a denial of the right to a speedy fact finding, the grounds for dismissal are expressly limited to the existence of factual, legal or jurisdictional defects in a petition
 
 (see, id.,
 
 § 315.1), a violation of the Statute of Limitations of Family Court Act § 302.2
 
 (id.,
 
 § 332.1 [9]) and a violation of the prohibition against double jeopardy as provided by Family Court Act § 303.2
 
 (id.,
 
 § 332.1 [10]). Where a petition is dismissed as jurisdictionally defective, dismissal is generally without prejudice, and the presentment agency’s proper recourse is to refile the petition
 
 (see, Matter of Detrece H.,
 
 78 NY2d 107, 111). While the parties here agree that dismissal of the first petition was in order, they dispute whether that dismissal was with prejudice. Nowhere in the Family Court Act is a dismissal for a violation of the 10-day limit for holding the initial appearance elevated to the status of a ground for dismissal with prejudice, and we decline to read such a provision into this statute.
 

 Respondent and supporting
 
 amicus curiae
 
 conclude that although the right to a speedy initial appearance is not explicitly found in the statute, it is encompassed in the right to a speedy fact finding. In other words, they argue that because the date of the fact-finding phase is derived from the date of the initial appearance, a delay of the initial appearance without good cause necessarily constitutes a violation of the speedy trial right and is thus similarly subject to the remedy of dismissal under Family Court Act § 332.1.
 

 While theoretically a late initial appearance may directly delay adjudication of the merits in contravention of the statutory speedy fact-finding mandate, here that consideration is insignificant because no violation of the speedy fact-finding right occurred. From start to finish, respondent’s adjudication was completed within 60 days of his appearance on the original petition.
 
 [4]
 
 Respondent does not claim that an adjudication on the merits had to be postponed due to the petition’s refiling.
 

 
 *15
 
 Indeed, were we to accept respondent’s argument that the right to a speedy fact finding attaches to all individual proceedings taking place after the petition is filed, and is thus violated by holding a late initial appearance, we would be constrained to reach the same conclusion for an untimely probable cause hearing, which by definition occurs after the initial appearance, but prior to fact finding
 
 (see,
 
 Family Ct Act § 325.2 [1], [2]). Nonetheless, Family Court Act § 325.3 (4) belies that contention, providing that "[i]f the court or the presentment agency cannot hold a probable cause hearing within the limits of subdivision two of section 325.1,
 
 the court may dismiss the petition without prejudice
 
 or for good cause shown adjourn the hearing and release the respondent pursuant to section 320.5” (emphasis added). Given that this provision contemplates that dismissal without prejudice may be an appropriate remedy for failure to meet pre-fact-finding phase statutory deadlines in lieu of a showing of good cause for an adjournment, we conclude that similar relief is appropriate to redress a belated initial hearing, where no separate speedy fact-finding violation has occurred. Indeed, it would be illogical to permit dismissal without prejudice for a probable cause hearing violation and not for an initial appearance violation, where the former is further along in the process and involves resolution of the substantive question whether reasonable cause to believe that respondent committed a crime exists.
 

 Contrary to the views expressed by the Appellate Division dissent below, the requirement of Family Court Act § 320.2 that "good cause” for the delay be shown before departing from the 10-day initial appearance time limit is far from eviscerated by permitting refiling of the petition. The initial appearance, like the arraignment of an adult charged with a crime,
 
 [5]
 
 is the process by which the court obtains jurisdiction over the minor, determines if detention is warranted, and sets the dates for further proceedings (Family Ct Act §§ 320.2, 320.4;
 
 *16
 
 see
 
 also, Matter of Atthis D.,
 
 205 AD2d 263, 267). The presentment agency’s failure to show good cause for the arraignment delay resulted in significant consequences — the original petition was dismissed, jurisdiction over the juvenile was thereby lost, and the entire proceeding was stalled. As a result, the presentment agency was then required to refile the petition to regain jurisdiction and begin the process anew
 
 (see, Matter of Detrece H.,
 
 78 NY2d 107,
 
 supra).
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, without costs.
 

 [1]
 

 . The order of dismissal does not indicate whether dismissal was with or without prejudice to refile.
 

 [2]
 

 . The presentment agency does not contest respondent’s right to appeal in this case.
 

 [3]
 

 . The clerk of the court "shall notify the presentment agency and any appointed law guardian of the initial appearance date”
 
 (id.,
 
 § 320.2 [4]) to "insure [ ] that that agency will be apprised of the appearance and afforded an opportunity to participate” in the proceedings (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 320.2, at 364).
 

 [4]
 

 . Notably, we do not address whether the 60-day period should be measured for speedy fact-finding purposes from the date of the initial appearance on the first petition or on the refiled petition because here the fact-finding hearing was held within 60 days of the earlier appearance (compare,
 
 Matter
 
 
 *15
 

 of Gabriel R.,
 
 208 AD2d 984,
 
 and Matter of Tommy C.,
 
 182 AD2d 312 [measure 60 days from appearance on original petition],
 
 with Matter of Marcus A.,
 
 155 Misc 2d 482 [speedy trial "clock” does not begin to run until initial hearing on new petition];
 
 cf., People v Osgood,
 
 52 NY2d 37 [speedy trial clock in criminal action commences when first accusatory instrument is filed]).
 

 [5]
 

 . Family Court Act § 320.4, which sets forth the procedures to be followed at the initial appearance, is derived from CPL 210.15, which governs arraignments in the criminal justice system
 
 {see,
 
 Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 320.4, at 371; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.15).