■ In the Matter of STEVE B., a Person Alleged to be a Juvenile Delinquent, Appellant. [650 NYS2d 596] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Dabiri, J.), entered June 21, 1994, which, upon a fact-finding order of the same court, dated April 18, 1994, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree (two counts), adjudged him to be a juvenile delinquent and placed him with the New York State Division for Youth for a period of 18 months.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court did not improperly deny his motion to dismiss the petition for failure to hold a timely initial appearance *(see, Matter of Robert O.,* 87 NY2d 9 [violation of 10-day period for holding initial appearance does not alone mandate dismissal of petition]; Family Ct Act § 320.2 [1]).

Similarly unavailing is the appellant's contention that the petition must be dismissed because he was denied his right to a speedy fact-finding hearing *(see,* Family Ct Act § 310.2). Because the appellant did not move to dismiss on this ground at the Family Court, he failed to preserve the issue for appellate review *(see,* Family Ct Act § 1118; CPLR 5501 [a]; *Matter of Ralph D.,* 163 AD2d 752, 753; *Matter of Brian S.,* 151 AD2d 577, 578). Copertino, J. P., Santucci, Joy and Goldstein, JJ., concur.