■ In the Matter of STEVEN S., a Person Alleged to be a Juvenile Delinquent, Respondent. [657 NYS2d 10] —Order, Family

Court, Bronx County (Marjory Fields, J.), entered on or about July 12, 1995, which dismissed the presentment agency's second petition charging respondent with the commission of acts which, if committed by an adult, would constitute the crimes of assault in the second degree, reckless endangerment in the second degree, assault in the third degree and criminal possession of a weapon in the fourth degree, unanimously reversed, on the law, without costs, the petition is reinstated and the matter remanded to Family Court for further proceedings.

In our prior order entered December 3, 1996, we held the appeal in abeyance and granted leave to the presentment agency to serve a notice of appeal upon respondent. The notice of appeal has now been served and we address the merits.

After the presentment agency filed the petition on May 25, 1995, respondent failed to appear for arraignment on these charges, and a warrant was issued for his arrest. He was returned on the warrant on June 20, 1995. He was arraigned and paroled to a family member, and the matter was adjourned to July 7, 1995 for a hearing on respondent's motion to dismiss the petition. On that date, the petition was dismissed pursuant to Family Court Act § 320.2, insofar as respondent's first appearance was not within ten days of the filing of the petition and the presentment agency failed to demonstrate due diligence in securing his timely appearance, a fact not in dispute. The presentment agency filed a second petition, under a new docket number, on July 7, 1995, beyond the ten-day period of Family Court Act § 320.2, but still within the sixty-day speedy hearing period required by Family Court Act § 340.1 (2). Subsequently, Family Court, dating the applicable ten-day time period from the filing of the first petition, dismissed the second petition, finding that Family Court Act § 320.2 also governed disposition of the second petition. Family Court reasoned that to permit the presentment agency to remedy the initial jurisdictional defect by the expedient of simply refiling was tantamount to improperly tolling the time period of Family Court Act § 320.2 for the first appearance.

In this appeal, we are called upon to decide whether the filing of the second petition beyond the ten-day period of Family Court Act § 320.2, as measured from the filing of the first petition, requires dismissal even though it is accomplished within the sixty-day speedy hearing period of Family Court Act § 340.1 (2). The Court of Appeals, in *Matter of Robert O.* (87 NY2d 9), has held that dismissal of a juvenile delinquency petition pursuant to Family Court Act § 320.2 should be without prejudice and that the presentment agency may file a new petition charg-

ing the juvenile with the same acts and proceed on the superseding petition, so long as the juvenile's right to a "speedy hearing" (see, Family Ct Act § 340.1 [2]) is not violated. The Court of Appeals, however, has left unresolved whether the sixty-day speedy hearing period commences at respondent's appearance on the first petition or the second petition (supra). Insofar as sixty days had not elapsed from the first filing to the dismissal, resolution of the issue is not necessary to decide the present appeal.

Unlike *Matter of Robert O. (supra),* a hearing was not conducted herein, but the only bar to holding the fact-finding hearing in a timely manner was the dismissal of the second petition. If the hearing had been conducted within that time frame, dismissal of the second petition solely on the basis of Family Court Act § 320.2 would have been error (*Matter of Robert O., supra,* at 14, n 4). Under the present circumstances, the same conclusion is required, that respondent's speedy hearing rights were not violated. Finally, respondent failed to move below for dismissal in the furtherance of justice (Family Ct Act § 315.2), and, in the absence of supportive fact-finding, we decline to award such relief.

Accordingly, we reverse the Family Court order and reinstate the second petition, and remand to Family Court for further proceedings.

Motion for consideration of the merits on appeal granted. Concur—Milonas, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.