GREGORY, Circuit Judge.
I concur with the majority’s decision to affirm the district court’s award of litigation attorney’s fees. I disagree, however, with the majority’s decision to affirm the district court’s ruling summarily denying pre-litigation attorney’s fees in this case. Accordingly, I must respectfully dissent in part.
Appellant argues that the district court erred in denying all pre-litigation attorney’s fees. Citicorp seeks fees and expenses in the amount of $786,573.94. Approximately 55% of the fees sought pertain to actions taken by Citicorp prior to filing suit in this case, such as renegotiating loan documents between Citicorp and Dr. Edwards. The remainder of fees and expenses claimed by Appellant relate to litigating this action from March 10, 1999 when the suit was filed, until March 12, 2003 the date the district court found in favor of Citicorp.
The parties do not dispute that in various loan documents Dr. Edwards agreed to pay Appellant’s reasonable attorneys’ fees, whether or not legal proceedings may have been instituted. In addition, the district court “determined that the contracts generally do refer to the ability of Citicorp to collect legal fees in its attempt to enforce its rights under the contract.” J.A. at 3107. The district court also found that “under basic principles of contract law, a contractual fee-shifting provision may be enforced according to its terms.” J.A. at 3108. However, the district court concludes that while litigation-related fees are clearly recoverable under New York law, other fees related to Citicorp’s attempt to renegotiate the loan documents as well as monitoring the collateral used to secure such documents should not automatically be awarded.
I agree with the majority that the district court has the discretion to determine the appropriateness of the fee award pursuant to factors delineated by New York cases under a standard of “reasonableness.” Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (“the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court’s superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.”). However, the majority does not address the district court’s erroneous conclusion that “it is reasonable to award attorneys’ fees related to reasonable efforts to enforce the agreements by filing suit and prosecuting it. [However,] [t]o also award substantial fees for multiple amendments to the contract documents that the Bank successfully re-negotiated would be excessive, in the absence of evidence that the earlier negotiations were undertaken by Dr. Edwards in bad faith.” J.A. at 3111-12. There is no citation to case law or a contract provision that re *704 quires Citicorp to prove or demonstrate Appellee’s bad faith in order to seek or be granted attorneys’ fees for negotiation of the loan agreements or in connection with the collection or attempted collection of any collateral. Consequently, the district court has no support for its assertion that Appellant must show bad faith on the part of Dr. Edwards in order to collect prelitigation attorneys’ fees. Moreover, the district court’s conclusion virtually strips the meaning from the attorney’s fee provision in the loan agreements, and the New York case law that supports it. While a determination of reasonableness is always required when a court decides whether or not to grant attorneys’ fees, bad faith is not.
In this case, the loan agreements provide in relevant part:
Borrower agrees to pay to the Lender all fees and costs incurred or to be incurred by the Lender, including all legal expenses, in connection with the negotiation, documentation and closing of the First Amendment and/or any documents and instruments executed in connection with the First Amendment.
J.A. at 840.
Borrower agrees to pay to the Lender all fees and costs incurred or to be incurred by the Lender relating to the matters described herein, including all reasonable legal expenses ... in connection with the negotiation ... of this Second Amendment and/or any of the documents and instruments executed in connection with this Second Amendment.
J.A. at 857.
Borrower agrees to pay all costs incurred by any holder hereof, including reasonable attorneys’ fees (including appellate proceedings), incurred in connection with any Event of Default ... or in connection with the collection or attempted collection of enforcement hereof, or in connection with the protection of any collateral given as security for the payment hereof, whether or not legal proceedings may have been instituted.
J.A. at 878-79 (emphasis added).
All of these provisions were included in loan agreements that were negotiated by the parties and signed by Dr. Edwards. Presumably these provisions were bargained for by the parties, therefore neither the district court nor this court is at liberty to disregard them. The December 8, 2000 settlement agreement, which the parties executed but failed to implement, contained an admission from Dr. Edwards stating that he was in “default in the payment of certain monetary obligations.... ” J.A. at 3112. The district court disregarded that admission and concluded that because the only default that was before the court and adjudicated was the December 8, 2000 settlement agreement, the earlier defaults alleged by Citicorp were never “proven defaults” by Dr. Edwards. Consequently, the district court found that Citicorp failed to relate convincingly the pre-litigation fees it sought to “proven defaults” by Dr. Edwards.
Contrary to the district court’s finding regarding prelitigation attorney’s fees, the district court acknowledges the February 1, 1999 Default Letter (“Default Letter”) which discusses a number of acts of default in connection with the first mortgage and with other documents that were entered into by Dr. Edwards and Citicorp. The district court stated during the March 12, 2003 bench trial:
It is not necessary for me to reach a finding as to each and every item of default alleged. I am convinced from having heard the testimony that there are at least one or more acts of default as identified in Exhibit 11 [the Default *705 Letter] that exist to include but not limited to at a minimum on page 2 Roman Numeral II-A, that of the $122,763 payment, Dr. Edwards acknowledged that there was some balance unpaid.... And so at a minimum, there were some acts of default that existed with respect to loan documents and were established by Citicorp in connection with Exhibit 11.... So therefore, I find as a matter of fact and conclude as a matter of law there were defaults under the loan documents ....
J.A. at 2171.*
The Default Letter states that Dr. Edwards had “failed to pay (i) $122,763 of the October 1, 1998 Credit Note installment and (ii) the $1,500,000 January 2, 1999 installment of the Credit Note as and when due.” J.A. at 2559. Thus, the district court found that Dr. Edwards had defaulted on at least one loan agreement prior to February 1, 1999, but held that the award of default interest would not commence until February 1999. Based on this alone, this court can not affirm the district court’s decision to summarily disallow all pre-litigation fees and expenses that Appellant sought to recover. O & Y (U.S.) Financial Co. v. Chase Family Ltd. Partnership No. 3, Nos. 93 Civ. 1855 to 93 Civ. 1857,1994 WL 512532,1994 U.S. Dist. LEXIS 13249, at *13-14 (S.D.N.Y. Sept. 20, 1994) (“whether a party seeking enforcement of a promissory note can recover attorneys’ fees incurred in settlement negotiations is a matter on which this court has not consistently ruled .... the better view is that such fees should be recoverable.”).
I agree with the district court that Citicorp bears the burden of demonstrating its entitlement to reasonable fees. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (“party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.”). However, I disagree with the standard that the district court applies in denying CitiCorp’s request of pre-litigation fees, which the majority seems to accept as correct. In this case, the agreements provide that reasonable attorneys’ fees connected to negotiation and to defaults, are to be paid by Dr. Edwards. The district court seems to be under the belief that the pre-litigated attorneys’ fees allowed under the loan agreements require that they be directly related to an adjudicated default and/or that there must be evidence that the negotiation they are associated with were undertaken due to bad faith on the part of Dr. Edwards. Neither of these conditions are required in order to grant pre-litigation fees to Citicorp. The loan agreements merely require that the fees be related to negotiations of the First and Second Amended Agreements and/or default on the part of Dr. Edwards. In fact, the Second Amended and Restated Credit Note, executed in July 1998, expressly states that “reasonable attorneys’ fees” incurred in the event of any default, would be paid by Dr. Edwards “whether or not legal proceedings may have been instituted.” J.A. at 878-79. Although the provisions arguably were meant to encourage the parties to settle any defaults without involving the courts, the plain language of the provisions protects CitiCorp’s right to seek attorney’s fees incurred in resolving non-adjudicated defaults. There is evidence in the record including testimony of Richard Werner, a Citicorp Vice President, that some of the attorneys’ fees included in *706 Appellant’s request were related to resolving Dr. Edwards’s defaults. Tige Real Estate Development Co. v. Rankin-Smith, 238 A.D.2d 227, 650 N.Y.S.2d 114 (NY.App.Div.1996) (finding that the landlord’s entitlement to attorney fees, including fees expended in negotiation, was the law of the case, however the court, found that the attorney’s fees were excessive and reduced the award, but did not deny them all together).
Accordingly, I respectfully submit that the district court’s denial of pre-litigation fees should be reversed and remanded to the district court to determine what reasonable amount of prehtigation fees should be awarded.

 Although the district court was discussing the issue of default interest, the district court does acknowledge that defaults had occurred prior to 1999.