■ In the Matter of CHAUNCEY T., a Person Alleged to be a Juvenile Delinquent, Appellant. [808 NYS2d 319]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt J.), dated August 2, 2004, which, upon a

fact-finding order of the same court dated June 23, 2004, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated June 23, 2004.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree and menacing in the third degree (*see* Penal Law § 120.00 [1]; § 120.15). Although there were some inconsistencies in the complainant's testimony, the Family Court was in the best position to assess the complainant's credibility, as it saw and heard her testimony firsthand (*see Matter of Kryzstof K.*, 283 AD2d 431, 432 [2001]; *Matter of Terry M.*, 272 AD2d 329 [2000]; *Matter of Tyrell A.*, 249 AD2d 467 [1998]; *Matter of Titus S.*, 243 AD2d 636 [1997]). The greatest respect must be accorded the determination of the court in assessing the credibility of the witness and resolving disputed questions of fact (*see Matter of Jamal V.*, 159 AD2d 507 [1990]). Upon the exercise of our factual review power, we are satisfied that the Family Court's findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]). Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.