■ In the Matter of ANTOINE P., a Person Alleged to be a Juvenile Delinquent, Appellant. [806 NYS2d 882]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (O'Donoghue, J.), dated April 7, 2005, which, upon a fact-finding order of the same court dated January 13, 2005, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree and attempted assault in the third degree, adjudged him to be a juvenile delinquent, and conditionally discharged him and directed that he comply with certain conditions for a period of 12 months. The appeal brings up for review the fact-finding order dated January 13, 2005.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792 [1987]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree and attempted assault in the third degree (*see Matter of Stafford B.,* 187 AD2d 649, 650 [1992]; *cf. People v*

*Contes,* 60 NY2d 620 [1983]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Dennis G.,* 294 AD2d 501 [2002]; *Matter of Stafford B., supra; cf. People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Dennis G., supra; Matter of Stafford B., supra; cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]). Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.