■ In the Matter of LAQUAN H., Respondent Appellant. [813 NYS2d 783]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a fact-finding order of the Family Court, Queens County (Hunt, J.), dated March 3, 2005, which, after a hearing, found that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, attempted assault in the third degree, and menacing in the third degree, and (2) an order of disposition of the same court dated May 9, 2005, which, upon the fact-finding order and after a dispositional hearing, adjudicated the appellant a juvenile delinquent and placed him in the custody of the Office of Children and Family Services for a period of 18 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, attempted assault in the third degree, and menacing in the third degree (*see Matter of Antoine P.,* 25 AD3d 614 [2006];

*Matter of Jerrol H.,* 19 AD3d 693 [2005]; *Matter of Corey C.,* 23 AD3d 461 [2005]; *Matter of Canvas H.,* 14 AD3d 511 [2005]). Moreover, upon the exercise of our factual review power, we are satisfied that the fact-finding determination was not against the weight of the evidence (*cf.* CPL 470.15 [5]). Resolution of issues of credibility, as well the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Thomas S.,* 26 AD3d 389 [2006]; *Matter of Jerrol H., supra; Matter of Tyrell A.,* 249 AD2d 467, 468 [1998]; *cf. People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Thomas S., supra; Matter of Jerrol H., supra; cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Krausman, J.P., Luciano, Fisher and Dillon, JJ., concur.