In the Matter of BRADLEY M., a Person Alleged to be a Juvenile Delinquent, Appellant. [828 NYS2d 219]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated March 23, 2006, which, upon a fact-finding order of the same court dated December 23, 2005, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree, sexual abuse in the first degree, and unlawful imprisonment in the second degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of two years. The appeal brings up for review the fact-finding order dated December 23, 2005.

Ordered that the order of disposition is modified, on the law, by vacating the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed an act which, if committed by an adult, would have constituted the crime of unlawful imprisonment in the second degree, and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; cf. People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to support the findings in the fact-finding order that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree and sexual abuse in the first degree.

The court providently exercised its discretion in allowing the six-year-old complainant and her eight-year-old brother to testify, as they each demonstrated an understanding of the consequences of testifying falsely, and a moral obligation to tell the truth (see Matter of James B., 262 AD2d 480 [1999]).

However, the merger doctrine precluded a finding with regard to the count involving unlawful imprisonment where the criminal sexual act and the imprisonment were simultaneous (see People v Geaslen, 54 NY2d 510 [1981]; Matter of Wanji W., 305

AD2d 690, 691 [2003]; *People v Credle,* 272 AD2d 407 [2000]). Krausman, J.P., Florio, Lunn and Covello, JJ., concur.