■ In the Matter of CHARLES S., a Person Alleged to be a Juvenile Delinquent, Appellant. [838 NYS2d 136]—

In a juvenile delinquency proceeding pursuant to Family

Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Turbow, J.), dated August 31, 2006, which, upon a fact-finding order of the same court dated January 20, 2006, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree (two counts), sexual abuse in the first degree (two counts), unlawful imprisonment in the first degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent, and placed him under the supervision of the Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated January 20, 2006.

Ordered that the order of disposition is modified, on the law and as a matter of discretion, by vacating the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed an act which, if committed by an adult, would have constituted the crime of unlawful imprisonment in the first degree, and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see Matter of James G.*, 309 AD2d 935 [2003]; *cf.* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]), we find that it was legally sufficient to support the findings made in the fact-finding order that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree (*see* Penal Law § 130.50 [1]) (two counts), sexual abuse in the first degree (*see* Penal Law § 130.65 [1]) (two counts), menacing in the second degree (*see* Penal Law § 120.14 [01]), and criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [2]). Any discrepancies and inconsistencies between the then 12-year-old complainant's hearing testimony and her statements to the police were not "of such a magnitude as to render [her] testimony incredible or unreliable as a matter of law" (*Matter of Christian M.*, 37 AD3d 834 [2007]; *see Matter of Kryzstof K.*, 283 AD2d 431 [2001]; *Matter of Nikkia C.*, 187 AD2d 581 [1992]).

Resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Christian M, supra*; *Matter of*

*Chauncey T.*, 24 AD3d 682 [2005]; *Matter of Gabriel A.*, 12 AD3d 666 [2004]; *cf. People v Romero*, 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the findings of fact are not against the weight of the evidence (*cf. People v Romero, supra*).

However, where, as here, the criminal sexual act and the imprisonment were essentially simultaneous and inseparable, and any restriction of the victim's movements was wholly incidental to the commission of the criminal sexual act, the merger doctrine precludes a finding with respect to the unlawful imprisonment count (*see Matter of Bradley M.*, 36 AD3d 815 [2007]; *Matter of Wanji W.*, 305 AD2d 690, 692 [2003]; *cf. People v Cain*, 76 NY2d 119, 124-125 [1990]; *People v Geaslen*, 54 NY2d 510, 516-517 [1981]; *People v Black*, 189 AD2d 883, 884 [1993]). Accordingly, we modify the orders to the extent indicated. Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.