■ In the Matter of DAVONTE B., a Person Alleged to be a Juvenile Delinquent, Appellant. [844 NYS2d 68]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Kings County (Weinstein, J.), dated August 24, 2006, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, criminal possession of stolen property in the fifth degree, and menacing in the third degree, and (2) an order of disposition of the same court dated October 19, 2006, which, upon the fact-finding order, adjudged him to be a juvenile delinquent, and placed him on probation under the supervision of the Probation Department of Kings County for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as it was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed an act which, if committed by an adult, would have constituted the crime of menacing in the third degree and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant's contention that his right to a speedy fact-finding hearing was violated is unpreserved for appellate review as he failed to move to dismiss the petition on that basis in the

Family Court (*see* Family Ct Act § 332.1 [8]; § 332.2 [1]; *Matter of Kovan Clearance D.,* 288 AD2d 219, 220 [2001]; *Matter of Steve B.,* 233 AD2d 440 [1996]; *Matter of Ralph D.,* 163 AD2d 752, 753 [1990]). In any event, since the Family Court Act clearly evinces a preference for a single fact-finding hearing in cases involving multiple respondents and the appellant failed to demonstrate good cause to sever his case from that of his corespondent (*see* Family Ct Act § 311.3 [1]), it was a provident exercise of the Family Court's discretion to adjourn the fact-finding hearing for 30 days to secure the appearance of the corespondent (*see Matter of Antoine L.,* 248 AD2d 472, 473 [1998]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]; *Matter of Charles S.,* 41 AD3d 484, 485 [2007]), we find that it was legally sufficient to support the findings made in the fact-finding order that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (*see* Penal Law § 160.10 [1]; *Matter of Laquan H.,* 29 AD3d 582, 582-583 [2006]), and criminal possession of stolen property in the fifth degree (*see* Penal Law § 165.40; *Matter of Laquan H.,* 29 AD3d at 582-583). Resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Charles S.,* 41 AD3d at 485-486; *Matter of Gabriel A.,* 12 AD3d 666, 667 [2004]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the findings of fact with regard to the foregoing acts are not against the weight of the evidence.

However, we agree with the appellant that the evidence was legally insufficient to establish that he committed an act which, if committed by an adult, would have constituted the crime of menacing in the third degree (*see* Penal Law § 120.15). A person is guilty of that crime when "by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury" (*id.*). The complainant specifically denied telling the presentment agency that the appellant's act placed him in fear of death, and he did not testify to the effect that he feared "imminent serious physical injury" or "physical injury." Indeed, in its brief on appeal, the presentment agency highlights only the complainant's testimony that he felt "violated" by the incident. That does not suffice (*see Matter of Michael H.,* 294 AD2d 364, 365 [2002]). Accordingly, we modify the order of disposition to the

extent indicated. Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.