In the Matter of TANASIA ELANIE E., a Person Alleged to be a Juvenile Delinquent, Appellant. [853 NYS2d 380]—

As the presentment agency correctly concedes, the petition was facially insufficient as to the menacing in the third degree counts because it failed to set forth sworn nonhearsay allegations of fact sufficient to establish, if true, the physical menace element of that crime (*see* Family Ct Act § 311.2; *Matter of Michael M.,* 3 NY3d 441 [2004]; *Matter of Neftali D.,* 85 NY2d 631, 635 [1995]; *Matter of Jermaine G.,* 38 AD3d 105 [2007]; *Matter of Akheem B.,* 308 AD2d 402 [2003]; *contra Matter of Monay W.,* 33 AD3d 809 [2006]; *Matter of Willie W.,* 32 AD3d 479 [2006]). Thus, those counts of the petition must be dismissed.

Viewing the evidence in the light most favorable to the presentment agency (*Matter of David H.,* 69 NY2d 792 [1987]; *Matter of Charles S.,* 41 AD3d 484 [2007]), we find that it was legally sufficient to support the findings that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (*see* Penal Law § 160.10 [1]; *Matter of Laquan H.,* 29 AD3d 582, 582-583 [2006]), grand larceny in the fourth degree (*see* Penal Law § 155.30 [5]; *People v Haynes,* 91 NY2d 966 [1998]), and criminal possession of stolen property in the fifth degree (*see* Penal Law § 165.40; *Matter of Laquan H.,* 29 AD3d 582 [2006]). Resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Charles S.,* 41 AD3d 484 [2007]; *Matter of Gabriel A.,* 12 AD3d 666, 667 [2004]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the findings of fact with regard to the foregoing acts were not against the weight of the evidence. Lifson, J.P., Ritter, Florio and Carni, JJ., concur.