Devine, J.
Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered March 18, 2014, which granted petitioner’s applications, in two proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
Respondent (born in 1997) was allegedly involved in an April 23, 2013 assault during which he threatened the victim with a knife. He was charged in a June 2013 petition with committing acts that, if committed by an adult, would constitute the crime of attempted assault in the third degree. School officials learned on April 25, 2013 that respondent had been involved in an altercation and they recovered a folding knife with a three-inch blade after searching his book bag. Accordingly, respondent was charged in an August 2013 petition with unlawful possession of a weapon by a person under the age of 16. Following successive fact-finding hearings, Family Court determined that the charges in both petitions had been established. Respondent ultimately waived a dispositional hearing and Family Court, in an order encompassing both proceedings, adjudicated him to be a juvenile delinquent and placed him on probation for one year. Respondent now appeals.
We affirm. Respondent first contends that dismissal of the June 2013 petition is required because Family Court failed to conduct a timely initial appearance. Because he was not detained, Family Ct Act § 320.2 (1) required that the initial ap *1153 pearance occur “as soon as practicable and, absent good cause shown, within [10] days after” the filing of the petition. The initial appearance, “like the arraignment of an adult charged with a crime, is the process by which the court obtains jurisdiction over the minor, determines if detention is warranted, and sets the dates for further proceedings” (Matter of Robert O., 87 NY2d 9, 15 [1995]; see Family Ct Act § 320.4). Dismissal is appropriate where a respondent is deprived of his or her right to a speedy fact-finding hearing, a hearing that must occur “not more than [60] days after the conclusion of the initial appearance” if he or she is not confined (Family Ct Act § 340.1 [2]; see Family Ct Act §§ 310.2, 332.1 [8]). A “similar protected status” is not afforded to the initial appearance itself, although “dismissal without prejudice may be an appropriate remedy” if it is not held in a timely manner (Matter of Robert O., 87 NY2d at 13, 15 [emphasis added]). To put it succinctly, dismissal is not mandated in the wake of an untimely initial appearance so long as respondent’s right to a speedy fact-finding hearing is not violated (see Matter of Steven S., 238 AD2d 226, 228 [1997]; Matter of Willie E., 216 AD2d 645, 647 [1995], affd 88 NY2d 205 [1996]).
An initial appearance within 10 days of filing was attempted with regard to the June 2013 petition, but respondent failed to appear and may not have been served with the petition. His counsel did appear, offering no opposition to the suggestion of Family Court that it reissue process and adjourn the initial appearance. Respondent appeared on the adjourned date five days later, at which time he failed to object to the timeliness of the initial appearance and affirmatively waived his right to a speedy trial. Under these circumstances, respondent will not now be heard to complain of the belated initial appearance (see Matter of Kevin G., 159 Misc 2d 288, 297 [1993]; see also Matter of Ryan LL., 119 AD3d 994, 995 [2014], lv denied 25 NY3d 904 [2015]).
Respondent next asserts that the determination of Family Court was against the weight of the evidence in various respects. “[W]hen presented with such an argument, ‘where a different determination would not have been unreasonable, we view the evidence in a neutral light while according deference to the credibility determinations of Family Court’ ” (Matter of Gordon B., 83 AD3d 1164, 1166 [2011], lv denied 17 NY3d 710 [2011], quoting Matter of Jared WW., 56 AD3d 1009, 1010 [2008]). Initially, because respondent never disputed the assertion in both petitions that he was 15 years old when the incidents occurred, petitioner was not obliged to submit evi *1154 dence establishing respondent’s age at the fact-finding hearings (see Matter of Donald F., 97 AD2d 980, 980 [1983]). As for the April 23, 2013 incident, Family Court credited the testimony of the victim that respondent and others pursued him after exiting a school bus. Sensing the futility of fighting multiple individuals, the victim dropped into a fetal position after a brief chase, and respondent proceeded to repeatedly kick him in the ribs and legs. Respondent then displayed a knife to the victim as he left the scene.* Turning to the April 25, 2013 incident, there is no dispute that school officials recovered a knife from respondent’s book bag after learning that he had been involved in an altercation and “might have a weapon.” Moreover, given the reports that respondent had used a weapon in a prior fight, Family Court could readily determine that respondent knew he had a knife and “that on the occasion of its possession it was essentially a weapon” for purposes of Penal Law § 265.05 (Matter of Jamie D., 59 NY2d 589, 593 [1983]; see Matter of Patrick L., 244 AD2d 244, 246-247 [1997], lv denied 91 NY2d 811 [1998]). After reviewing this evidence in a neutral light and according proper deference to the credibility determinations of Family Court, we find that its determination was supported by the weight of the evidence (see Matter of Gordon B., 83 AD3d at 1167).
Respondent’s remaining contentions, to the extent that they are properly before us, have been considered and found to be lacking in merit.
McCarthy, J.P., Egan Jr. and Clark, JJ., concur.
Ordered that the order is affirmed, without costs.

 In crediting the testimony of the victim, Family Court referenced testimony from the subsequent fact-finding hearing on the August 2013 petition that a knife was recovered from respondent’s book bag two days after the assault. While this may well have been error, Family Court did not reference the testimony to support the fact that the charged assault had occurred, but rather as corroborating the victim’s “report that a knife was brandished.” In the absence of any indication that the determination was “impermissibly affected by” the testimony from the other fact-finding hearing, we find any error in considering it to be harmless (Matter of John G., 56 AD2d 652, 653 [1977], lv denied 41 NY2d 806 [1977]).